# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MAJORS, | Civil Action No. 2: 14-cv-1484 |
| Plaintiff, | United States District Judge |
| v. | David S. Cercone |
| CHRIS THORPE and MD BAR & GRILL, | United States Magistrate Judge |
| Defendants. | Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

**I.  Recommendation**

Upon review of the Complaint, and pursuant to the screening requirements for litigants proceeding *in forma pauperis*, the Court recommends sua sponte dismissal of the Complaint for failure to state a claim upon which relief can be granted. In the alternative, the Court recommends that the case be dismissed for lack of jurisdiction.

**II.  Report**

  **A.  Legal Standard**

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'"

1

*Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub.L. No. 104–134, 110 Stat. 1321 (1996). Although Plaintiff is currently incarcerated, he is not seeking "redress from a governmental entity or officer or employee of a governmental entity" and therefore, §1915A does not apply to Plaintiff's complaint. 28 U.S.C. § 1915A. However, the amendments to the PLRA codified at 28 U.S.C. § 1915 apply to individuals who have been granted *in forma pauperis* ("IFP") status. Pursuant to 28 U.S.C. § 1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

Pertinent to the case at bar is the authority granted to federal courts for the sua sponte dismissal of claims in IFP proceedings. Specifically, Section 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke*, 490 U.S. at 328 (footnote omitted).

B.   Plaintiff's claims

Plaintiff has named Chris Thorpe and MD Bar & Grill as defendants in this lawsuit. The incident occurred on June 26, 2014, at MD Bar & Grill located in Charleroi, PA. The following are the factual allegations as taken from Plaintiff's Complaint:

> I was at the MD Bar and Grill along with some family members having a few drinks. It was clear to me and others at the bar that Mr. Thomas Gerald Gentry and Ms. Rose Brown were highly intoxicated. A confrontation between Mr. Gentry and a family member started and eventually I along with a few people got things under control. Mr. Gentry and Rose Brown were told to leave by the bartender and the door was locked. A little while later a Mr. Donald Loughlin unlocked the door to let a female enter the bar and Mr. Gentry and Ms. Rose Brown reentered the bar claiming a phone was lost. Mr. Loughlin lives upstairs and helps Mr. Thorpe with security and odd jobs. Mr. Gentry pulls a knife and cuts Mr. Loughlin and assults (sic) me and a few other people. I am now disfigured. Have life long scarring and high medical expenses.

---

[1] In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir.), *cert. denied*, -- U.S. --, 132 S.Ct. 861 (2011)

Plaintiff has not identified what specific federal law he claims Defendants violated, but rather asserts: "I was in this guy's establishment. I had serious personal injury done to me. Several federal rights were violated." Complaint at 2, ¶ III. As relief, Plaintiff seeks to have his medical bills paid and to be compensated for pain and suffering, scarring and disfigurement. Complaint at 3, ¶ VI.

Although Plaintiff alleges that "several federal rights were violated," after a thorough review of the Complaint, the Court cannot discern how Plaintiff's federal constitutional rights were violated. When bringing a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998). Plaintiff does not allege that either defendant is a state actor and, therefore, any civil rights claim is without merit.

Furthermore, it is apparent that the Court does not have jurisdiction to hear this case. The claims against Defendants are state law claims and have no federal implications. Because all parties are citizens of Pennsylvania, diversity jurisdiction is lacking. Therefore, in the alternative, the Court recommends that the case be dismissed for lack of jurisdiction.

C.  Leave to Amend Complaint Would Be Futile

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors,* Inc., 482 F.3d 247, 251 (3d Cir. 2007).

---

(citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Given that Plaintiff lacks an arguable basis in law for a Section 1983 claim against either Defendant Thorpe or MD Bar and Grill, and given that the Court does not have jurisdiction to hear any state law claims arising from the incident, the Court recommends that it would be futile to allow Plaintiff leave to amend his claims.

**III.  Conclusion**

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's this case be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted.   In the alternative, the Court recommends that this case be dismissed for lack of jurisdiction.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Plaintiff is allowed until December 1, 2014 to file written objections to this Report and Recommendation.  Failure to timely file objections will constitute a waiver of any appellate rights.  *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

Dated:  November 12, 2014


cc:    CHRISTOPHER MAJORS
       Westmoreland County Prison
       3000 S. Grande Blvd
       Greensburg, PA 15601